Judge Mills
delivered the Qpinion of pie Court.
The heirs of Qraham claimed by their bill in equity, a conveyance of a tract of land sold to their ancestor by Hprabecke.
Pending this suit the heirs mterpleaded with each other in equity, one of them claiming the whole land, as having been purchased for him by the ancestor, and the others with the widow, com tending for the whole to be divided, as estate held in coparcenary. The court below ultimately decided in favor of the one who claimed the whole.
The controversy between the heirs is one purely of fact, and the claim of the whole by one heir, depends on a bond said to be executed by the aneestor, which is denied to be genuine. Withcjutgoing into the details of fact, suffice it to say, that this supposed bond is produced by the claimant of thq *562 whole, and proved by one of the subscribing witnesses, under circumstances which totally forbid the belief that it is genuine, and the whole transaction is one which pays but a poor compliment to human nature.
■Decree.
Mode of assigning ciow- ■ er, making partition between the parceners.
'Rents to be ■ accounted for by the parcener who had claimed and occupied the entire tract, after the date to which he had been made account for them, as the administrator.
'Widow is entitled to the ■rents of the whole mansion farm of her husband, "till the assignment of dower.
One co-tenant, occupying in-sever-alty, shall account to the the others for rents on the improye-¿ng wj,en enttred‘
*562 The decree of the conveyance to one heir must, therefore, be reversed, and the conveyance from Hornbecke be decreed to the whole of the heirs, with costs against Hornbecke; and in the suit for a partition, a decree must be rendered dividing the land according to quantity and quality of the land, at the cost of that heir who has claimed the whole, In this partition some questions arise worthy of notice.
The widow, as her husband bad an equity in his lifetime which might have been specifically enforced, will be entitled to dower of one third of the estate, according to former adjudications, ’to be laid off, if practicable, in such convenient form as to bear equally on the shares of each heir. If not practicable, then to be assigned in such form as to be again divided after her decease.
The question of rents also occur, as one heir who now claims the whole, has possessed and enjoyed the farm since the decease of the ancestor. It seems that a former suit in equity was decided between the distributees, and the son, Samuel Graham, who now claims the land entire, and who was the administrator of the father. In that suit the Tents of the farm were adjusted, and lie was made to account for them to the date of the report and settlement made in that suit. Consequently the charge of rents must be now commenced, where that account closed.
These rents must be decreed to the widow, because the farm in question was the mansion of the testator at his death, and by the statute she is entitled to the use thereof till her dower is assigned, which has never been done.
Rut a question results as to what land rents must be charged upon. Some of it was cleared and fitted for cultivation by the ancestor, and some has been cleared by the son who now claims the whole, *563 and the question is, what rents ought to be charged on this additional land.
Ontheim-provements made by the co-tenant he ¿ce of the rents, after d“\Rcti?s ,vhichPprice shall not be allowed to ®“tesedn¿ee improvis-ments themselves.
Denny and Mayes, for appellants; Crittenden, for appellee.
That rents ought to be charged on the land clearanced and improvements made by the ancestor, cannot be doubted.
But it is insisted by the son, Samuel, that 1m is entitled to compensation for his improvements, and ought pot to pay rents thereon.
We are not disposed to award to a parcener, compensation for improvements and ameliorations, so as to make his co-parceners his debtors. But we conceive that he ought to be charged with the rents of such new improvements, from the time they were made, and that this rent may be lessened by the price of improving, so as to sink those rents, if sufficient, if not sufficient, then the balance of rents ought to be charged against the improver. But in no event ought a balance for improving to be charged against the co-heirs.
The decree must be reversed with costs, and the cause be remanded for a decree in conformity with this opinion, and the rules and usages of equity.